UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS MANUEL VASQUEZ, | ) | 1:05-CV-1584 AWI LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS AND PETITIONER'S MOTION |
| | ) | FOR STAY |
| | ) | |
| TOM L. CAREY, Warden, | ) | [Docs. #9, 13] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Madera, following his conviction by jury trial on February 5, 2003, of possession of a firearm by a felon in violation of Cal. Penal Code § 12021(a)(1), and possession of ammunition by a felon in violation of Cal. Penal Code § 12316(b)(1). See Exhibit 1, Respondent's Motion to Dismiss (hereinafter "Motion"). The trial

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, the lodged documents in support of Respondent's motion to dismiss, and Petitioner's opposition.

1  court found the allegations of prior strike convictions true and sentenced Petitioner to serve an
2  indeterminate prison term of twenty-five years to life on his first count and a concurrent term of
3  twenty-five years to life on his second count. Id.
4      Petitioner thereafter appealed the conviction. On August 19, 2004, the California Court of
5  Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction but modified the
6  sentence by staying the sentence imposed on the second count. See Exhibit 5, Motion.
7      On September 21, 2004, Petitioner filed a petition for review with the California Supreme
8  Court. See Exhibit 6, Motion. Review was summarily denied by the California Supreme Court on
9  November 17, 2004. Id.
10     On December 14, 2005, Petitioner filed the instant petition for writ of habeas corpus in this
11 Court. Petitioner raises the following ground for relief: "Because both of Mr. Vasquez's prior
12 serious felony convictions arose out of a sing[l]e act the trial court abused its discretion when it
13 denied his motion to strike his prior strike convictions. [sic] In violation of the equal protection, due
14 process, and or cruel and unusual punishment clauses of the U.S. Const."
15     On March 2, 2006, Respondent filed a motion to dismiss the petition for failure to state a
16 cognizable federal claim, and alternatively, as unexhausted in violation of 28 U.S.C. § 2254(b)(1).
17     On April 21, 2006, Petitioner filed an opposition to Respondent's motion to dismiss and a
18 motion to stay the proceedings.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

21     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
22 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
23 entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the
24 court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4,
25 pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A
26 petition for habeas corpus should not be dismissed without leave to amend unless it appears that no
27 tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14
28 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant petition before the Court, Petitioner raises one ground for relief. Respondent contends the claim, as it was presented to the state court, only raised issues of state law. Respondent argues that the instant claim is a restatement of the claim raised before the state courts except that Petitioner has added constitutional terminology in an attempt to "federalize" his claim. Respondent argues it must be dismissed for failure to state a cognizable federal claim. Alternatively, Respondent argues that Petitioner did not raise the federal basis for his ground for relief to the California Supreme Court, and it is therefore unexhausted.

The Court has reviewed the petition and finds Respondent's arguments persuasive. Although Petitioner alleges a violation of the Constitution in his claim, his broad assertion does not transform the claim into a federal one. Aside from the few broad constitutional terms mentioned at the beginning of his claim, the rest of the claim is entirely centered on state law, and generally, issues of

state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner.

Therefore, the instant petition must be dismissed because Petitioner's sole ground for relief fails to state a cognizable federal claim. The petition should be dismissed without leave to amend as no tenable federal claim can be raised. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). A federal basis for the claim has not been presented to the state court, and it is therefore unexhausted. See 28 U.S.C. § 2254(b)(1).

C.  Motion for Stay

Petitioner requests the instant petition be stayed while Petitioner returns to state court. A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that

this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court does not find good cause to excuse Petitioner's failure. As discussed above, the instant claim fails to state a cognizable federal claim. Therefore, Petitioner's motion for a stay should be denied.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED, the petition for writ of habeas corpus be DISMISSED without leave to amend, and Petitioner's motion for stay be DENIED. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 1, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE